IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>UPLIFT RX, LLC[1]<br><br>    Debtor(s). | CASE NO.: 17-32186<br><br>CHAPTER 11<br><br>Jointly Administered |
| ALLIANCE MEDICAL ADMINISTRATION, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FLEXENTIAL COLORADO CORP. f/n/a VIAWEST, INC.,<br><br>    Defendant. | ADV. PROC. NO. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alliance Medical Administration, Inc. ("AMA"), files this complaint (the "Complaint") to (i) avoid and recover preferential transfers made by AMA to or for the benefit of Flexential

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815) . The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 7709.

Colorado Corp. f/n/a ViaWest, Inc. ("Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code ("Bankruptcy Code"), and (ii) disallow Defendant's claims in the above-captioned bankruptcy cases pursuant to 11 U.S.C. §502, and in support thereof, respectfully represent as follows:

## NATURE OF THE PROCEEDING

1. AMA seeks entry of a judgment against Defendant: (i) avoiding the Preferential Transfers (as defined herein) pursuant to Section 547 of the Bankruptcy Code; (ii) directing Defendant to pay AMA's respective bankruptcy estate an amount to be determined at trial that is not less than the amount of the Preferential Transfers (as defined herein), plus interest and costs, pursuant to Section 550(a) of the Bankruptcy Code; and (iii) pending such payment, disallowing any claim of Defendant against AMA pursuant to Section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. This adversary proceeding relates to the Chapter 11 cases of Uplift Rx, LLC and its debtor affiliates, which cases are pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), and are being jointly administered under Case No. 17-32186 (collectively, the "Bankruptcy Cases").

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

5. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6.	AMA consents to entry of final orders and judgments by the Court in this adversary proceeding, regardless of whether it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

7.	On April 9, 2017 ("AMA Petition Date"), AMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court, which case is pending and being jointly administered with the Bankruptcy Cases.

8.	On April 18, 2017, the Court entered an order requiring the appointment of a Chapter 11 Trustee in the Bankruptcy Cases (Doc. No. 37).  Thereafter, the Office of the United States Trustee appointed Ronald L. Glass to serve as Chapter 11 Trustee, and the Court entered an order approving Mr. Glass's appointment (Doc. No. 307).

9.	This adversary proceeding is part of the Plaintiff Debtor's continuing obligation to recover assets for the benefit of the Plaintiff Debtor's respective bankruptcy estates.

## FACTUAL BACKGROUND

10.	Prior to the filing of the above-captioned bankruptcy cases, the above-captioned debtors (the "Debtors") owned and operated a network of pharmacies across the United States that specialized in providing prescriptions to patients with chronic health conditions, including diabetes (the "Alliance Health Network").  Within the Alliance Healthcare Network, certain entities provided marketing, accounting, administration, or distribution services (the "Corporate

4840-8291-2658.2

Debtors").[2]  The remainder of the Debtors either owned and operated or managed pharmacies within the Alliance Healthcare Network (the "Pharmacy Debtors"). [3]

11. Within the Alliance Healthcare Network, customer leads were generated by the Corporate Debtors and provided to the appropriate Pharmacy Debtors. As the Pharmacy Debtors collected revenue, cash was sent up to the Corporate Debtors and pooled together. From there the Corporate Debtors would directly pay certain expenses of the Pharmacy Debtors and/or would send money back down to the appropriate Pharmacy Debtors to pay other expenses.

12. The Debtors generally did not account for obligations amongst themselves or keep any type of ledger showing "due to and due from" among any of the Debtors. Because of the Debtors' business model, new pharmacies were constantly being formed and/or acquired to keep up with the customer leads generated by the Corporate Debtors.

13. At all times relevant hereto, Defendant provided goods or services to AMA.

14. AMA was owned, directly or indirectly, by Alliance Medical Holdings, LLC.

15. The Trustee and his professionals have conducted an investigation of the Debtors' books and records and related financial documents for the purpose of determining what claims or causes of action are available to the Plaintiff Debtor.

16. Based on a review of Debtor's books and records, together with the facts and circumstances surrounding the filing of the Bankruptcy Cases, AMA alleges, on information and belief, that by July 1, 2016, and at all times thereafter, AMA was insolvent.

---

[2] "Corporate Debtors" means, collectively, the following Debtors: Alliance Medical Holdings, LLC; Alliance Medical Administration, Inc.; Alliance Health Networks, LLC; Pinnacle Pharmacy Solutions, LLC; Riverfront Rx, LLC; Eat Great Café, LLC; New Life Pharmacy, LLC; Alta Distributors, LLC; Ollin Pharmaceutical, LLC; and Skyline Health Services, LLC.
[3] "Pharmacy Debtors" means, collectively, all of the Debtors except for the Corporate Debtors.

17. The Debtors' books and records reflect that during the ninety (90) day period preceding before the AMA Petition Date (the "AMA Preference Period"), AMA transferred money to Defendant, which transfers are identified on **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "Preferential Transfers").

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preferential Transfers from AMA to Defendant Pursuant to 11 U.S.C. §547(b))**

18. AMA repeats and realleges all allegations contained in paragraph 1 through 17 above as if fully set forth herein.

19. During the AMA Preference Period, AMA made, or caused to be made, transfers of an interest of AMA in property to, or for the benefit of, Defendant, which transfers are listed on Exhibit A.

20. AMA made, or caused to be made, the Preferential Transfers on account of, antecedent debt owed by AMA to Defendant.

21. At the time of the Preferential Transfers, AMA was insolvent.

22. AMA is entitled to the presumption of insolvency pursuant to Section 547(f) of the Bankruptcy Code.

23. The Preferential Transfers enabled Defendant to receive more than Defendant would receive if: (a) AMA's bankruptcy case was administered under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

24. At no time relevant hereto did Defendant maintain a lien on AMA's assets or otherwise hold a secured interest.

25. The Preferential Transfers diminished the value of AMA's bankruptcy estate.

26. Defendant was the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made.

27. The Preferential Transfers are avoidable and AMA is entitled to an order and judgment against the Defendant avoiding the Preferential Transfers pursuant to 11 U.S.C. §547(b).

**WHEREFORE,** AMA respectfully requests this Court enter a judgment against the Defendant: (i) finding that the Preferential Transfers are preferential and therefore avoidable pursuant to 11 U.S.C. §547(b); (ii) avoiding the Preferential Transfers; (iii); and granting any other and further relief as the Court determines is just and appropriate under the circumstances.

## COUNT II
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))

28. AMA repeats and realleges all allegations contained in paragraph 1 through 17 above as if fully set forth herein.

29. AMA is entitled to avoid the Preferential Transfers pursuant to Section 547 of the Bankruptcy Code.

30. Defendant was the initial transferee of the Preferential Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Preferential Transfers were made.

31. Pursuant to Section 550(a) of the Bankruptcy Code, AMA is entitled to recover from Defendant an amount to be determined at trial that is no less than the total amount of the Preferential Transfers, plus interest thereon to the date of payment.

**WHEREFORE,** AMA respectfully requests this Court enter a judgment against the Defendant: (i) allowing AMA to recover from Defendant THIRTY SIX THOUSAND SEVEN HUNDRED EIGHT DOLLARS AND Nineteen-Cents ($36,708.19), which equals the full value

of the Preferential Transfers, for the benefit of their respective bankruptcy estates; (ii) awarding pre-judgment and post-judgment interest on the Preferential Transfers at the maximum legal rate; and (iii) granting any other and further relief as the Court determines is just and appropriate under the circumstances.

### COUNT III
### (Disallowance of Defendant's Claims Pursuant to 11 U.S.C. §502(d))

32. AMA repeats and realleges all allegations contained in paragraph 1 through 17 above as if fully set forth herein.

33. Defendant has filed a proof of claim or was identified as a claimant holding an undisputed, liquidated, and not contingent claim on AMA's schedules, or has otherwise requested payment from AMA's estates (collectively, the "Claims")

34. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

35. Defendant was the initial transferee of the Preferential Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Preferential Transfers were made.

36. Defendant has not paid AMA the amount of the Preferential Transfers, or turned over such property to AMA, for which Defendant is liable under Section 550 of the Bankruptcy Code.

4840-8291-2658.2

37. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against AMA's estate, must be disallowed until such time as Defendant pays to AMA all amounts sought herein.

**WHEREFORE,** AMA respectfully requests this Court enter a judgment against the Defendant disallowing any Claims pursuant to Section 502 (d) of the Bankruptcy Code, and granting any other and further relief as the Court determines is just and appropriate under the circumstances.

## RESERVATION OF RIGHTS

38. AMA reserves the right to bring all other claims or causes of action that AMA may have against Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity.

39. This Complaint is not intended to be, nor should it be construed as, a waiver of AMA's rights to object to the Claims for any reason.

40. AMA reserves the right to amend this Complaint as new information becomes known to AMA at any time during the adversary proceeding, through formal discovery or otherwise, to include such information and/or assertions with respect to the Preferential Transfers to the Defendant; revise Defendant's name; add additional defendants and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 547, 548 and 550, (collectively, the "Amendments"), and that any and all such Amendments relate back to the date of this Complaint.

4840-8291-2658.2

**WHEREFORE**, AMA respectfully request that the Court enter judgment against Defendant:

(a) Avoiding and recovering the Preferential Transfers pursuant to 11 U.S.C. §§ 547 and 550;

(b) Granting judgment in favor of AMA and directing Defendant to pay AMA's bankruptcy estate an amount to be determined at trial that is no less than the amount of the Preferential Transfers, plus interest, pursuant to 11 U.S.C. § 550;

(c) Disallowing the Claims pursuant to 11 U.S.C. § 502(d);

(d) Awarding pre-judgment and post-judgment interest at the maximum legal rate; and

(e) Granting any other and further relief that is appropriate under the circumstances.

Dated this 4th day of April, 2019.

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.
Fed ID No. 903144
Email: egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
Fed. ID No. 2687598
Email: jparrish@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
*Counsel to the Debtors*