IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UPLIFT RX, LLC**[1] | **CASE NO. 17-32186** |
| Debtor(s). | **CHAPTER 11** |
| **ALLIANCE MEDICAL ADMINISTRATION, INC.,** | **Jointly Administered** |
| Plaintiff, | |
| v. | **ADV. PRO. NO. 19-03403** |
| **FLEXENTIAL COLORADO CORP. f/n/a VIAWEST, INC.,** | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ghana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2890); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); 011in Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Cafe, LLC (2314); Alliance Health Networks, LLC (1815) The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77009

1

## ANSWER TO COMPLAINT TO VOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Flexential Colorado Corp. f/k/a/ Viawest, Inc. ("Defendant") files this its Answer to Alliance Medical Administration, Inc.'s ("AMA") Complaint to Void and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to disallow Claims Pursuant to 11 U.S.C. § 502 ("Complaint") and in support thereof respectfully represents as follows:

1. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same. Defendant does not dispute where the cases are being jointly administered.

3. Paragraph 3 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

4. Paragraph 4 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

5. Paragraph 5 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

6. Paragraph 6 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies same..

12. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Paragraph 18 does not require a response. To the extent a response is required, Defendant denies same.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22. Paragraph 22 calls for a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

Preferential

24. Defendant admits the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 does not require a response. To the extent a response is required, Defendant denies same.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 does not require a response. To the extent a response is required, Defendant denies same.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 does not require a response. To the extent a response is required, Defendant denies same.

39. Paragraph 39 does not require a response. To the extent a response is required, Defendant denies same.

40. Paragraph 40 does not require a response. To the extent a response is required, Defendant denies same.

## AFFIRMATIVE DEFENSES

Defendant, Flexential Colorado Corp. f/k/a/ Viawest, Inc states as follows for its affirmative and other defenses to the allegations contained in the Complaint:

41. Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted as a matter of law and/or fact.

42. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot satisfy one or more of the elements of 11 U.S.C. § 547(b).

43. One or more of the transfers that are the subject of the First Amended Complaint is or may be exempt from recovery, either in whole or in part, pursuant to 11 U.S.C. § 547(c)(1).

44. One or more of the transfers that are the subject of the First Amended Complaint is or may be exempt from recovery, either in whole or in part, pursuant to 11 U.S.C. § 547(c)(2).

45. One or more of the transfers that are the subject of the First Amended Complaint is or may be exempt from recovery, either in whole or in part, pursuant to 11 U.S.C. § 547(c)(3).

46. One or more of the transfers that are the subject of the First Amended Complaint is or may be exempt from recovery, either in whole or in part, pursuant to 11 U.S.C. § 547(c)(4).

47. Defendant may be a good faith transferee pursuant to section 11 U.S.C. § 550(b).

48. Plaintiffs' claims are barred, in whole or in part, based on the doctrine of waiver, laches, and/or ratification.

49. Plaintiffs' claims are barred, in whole or in part, based on the doctrine of estoppel or unclean hands.

50.     Defendant reserves the right to rely on all statutory defenses enumerated in the Bankruptcy Code.

51.     Defendant reserves the right to supplement its affirmative defenses as additional defenses become known through discovery.

WHEREFORE, Defendant respectfully requests that this Court (1) dismiss Plaintiff's Complaint in its entirety, with prejudice, (2) award the Defendant's costs herein expended, including reasonable attorneys' fees, and (3) grant any other and further relief in favor of the Defendant and against the Plaintiff as the Court deems appropriate.

Dated:  May 17, 2019

                        Respectfully submitted,

                        **POLSINELLI PC**

*/s/      Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
1000 Louisiana Street, 64th Floor
Houston, Texas 77002
Telephone: (713) 374-1643
Facsimile: (713) 374-1601
tmonsour@polsinelli.com
*Counsel to  Flexential Colorado Corp. f/k/a/ Viawest, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, a true and correct copy of the foregoing document was served on counsel for the Debtors and through the Court's CM/ECF system to all parties that have requested service through same.

/s/ *Trey Monsour*_____

**Trey Monsour**